UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| RAYMOND R. MOURADIAN, | ) ) ) |   |
| Plaintiff, | ) ) |   |
| v. | ) ) | Case No. 22-cv-10044-DJC |
| JOSEPH R. BIDEN, JR., in his official capacity as President of the United States; CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare & Medicaid Services; JEFFREY CLIFFORD; and BOYLE \| SHAUGHNESSY LAW, P.C., | ) ) ) ) ) ) ) ) ) |   |
| Defendants. | ) ) |   |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                           May 31, 2022

**I.    Introduction**

Plaintiff Raymond R. Mouradian ("Mouradian") has filed this lawsuit *pro se* against Defendants Joseph R. Biden, Jr., in his official capacity as President of the United States, and Chiquita Brooks-LaSure, in her official capacity as Administrator of the Centers for Medicare & Medicaid Services[1] (collectively, "Federal Defendants"); Jeffrey Clifford ("Clifford"); and the law firm Boyle | Shaughnessy Law, P.C. ("BSL") (collectively, "Defendants") alleging various state and federal law claims arising from an automobile accident in which Mouradian was injured. D. 1. BSL now moves to dismiss for failure to state a claim, D. 7, Clifford moves to dismiss for insufficient service of process and failure to state a claim, D. 16, and Federal Defendants move to

---

[1] Chiquita Brooks-LaSure is substituted for Seema Verma as Defendant pursuant to Fed. R. Civ. P. 25(d). D. 23 at 1 n.2.

dismiss for insufficient service of process and failure to state a claim, D. 22. For the reasons stated below, the Court ALLOWS BSL's motion, D. 7, ALLOWS Clifford's motion, D. 16, and ALLOWS Federal Defendants' motion, D. 22.

## II.     Standard of Review

### A.     Insufficient Service of Process

It is well established "that a judgment rendered in the absence of personal jurisdiction is a nullity." Vázquez-Robles v. CommoLoCo, Inc., 757 F.3d 1, 4 (1st Cir. 2014). "The existence of such jurisdiction normally depends on legally sufficient service of process." Id. "[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction." United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir. 1992).

"When a defendant seasonably challenges the adequacy of service, the plaintiff has the burden of showing that service was proper." Vázquez-Robles, 757 F.3d at 4. "A return of service generally serves as *prima facie* evidence that service was validly performed." Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008). A defendant, however, may provide "rebuttal evidence to refute any presumption of valid service." Id. at 111–12.

### B.     Failure to State a Claim

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal

allegations contained therein. Id. Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit. Id. Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103 (citation omitted).

The Court remains mindful that a *pro se* plaintiff is entitled to a liberal reading of his allegations, no matter how unartfully pled. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

### III.   Factual Background

The following facts are primarily drawn from Mouradian's complaint, D. 1, and are accepted as true for purposes of resolving the motion to dismiss. On June 6, 2015, Mouradian was seriously injured in an automobile accident with an uninsured driver. Id. at 3. At all relevant times, Mouradian held an insurance policy issued by Safety Insurance Company ("Safety"). See D. 8-3 at 15 ¶ 2; D. 8-3 at 18 (attaching Mouradian's filing in state court matter against Safety).[2] The policy afforded uninsured motorist coverage of $25,000.00. D. 1 at 3–4. Two months after the accident, Mouradian received a Medicare bill for $38,000.00 for his treatment. Id. at 3. Following multiple appeals, Medicare reduced its final demand for payment. Id. at 4. Safety issued a check to Medicare for $16,107.80 to satisfy Mouradian's obligation to Medicare. Id. at

---

[2] The Court takes judicial notice of Mouradian's pleadings from related state and federal court actions. See Watterson v. Page, 987 F.2d 1, 3–4 (1st Cir. 1993) (stating that courts may consider public records and documents sufficiently referred to in the complaint at motion to dismiss stage); E.I. Du Pont de Nemours & Co. v. Cullen, 791 F.2d 5, 7 (1st Cir. 1986) (taking judicial notice of complaint in related state court action where neither party disputed the complaint's authenticity); see also D. 8-2; D. 8-3 at 15–16; D. 8-5.

6. The complaint identifies BSL as counsel for Safety and Clifford as a claims adjuster with Safety. See id. at 1.

Mouradian previously commenced various lawsuits against, among others, the United States and Safety, seeking to recover the $16,107.80 paid by Safety to Medicare. See id. at 5–6; D. 8-2 (attaching Superior Court complaint); Mouradian v. United States Government, 17-cv-10091-PBS, D. 1, 15 (D. Mass. Jan. 20, 2017); Mouradian v. Torruella, 20-cv-11230-JAD, D. 1 (D. Mass. June 25, 2020). All such prior lawsuits were dismissed. See D. 1 at 5–6.

### IV.   Procedural History

Mouradian commenced this lawsuit on January 13, 2022. D. 1. BSL now moves to dismiss for failure to state a claim, D. 7, Clifford moves to dismiss for insufficient service of process and failure to state a claim, D. 16, and Federal Defendants move to dismiss for insufficient service of process and failure to state a claim, D. 22. The Court heard the parties on the pending motions and took the matters under advisement. D. 26.

### V.   Discussion

#### A.   **Service of Process**

Rule 4 of the Federal Rules of Civil Procedure governs service of process. See Fed. R. Civ. P. 4. Under Rule 4(e), a plaintiff must either follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," id. 4(e)(1), or accomplish any of three other options: "(A) deliver[] a copy of the summons and of the complaint to the individual personally; (B) leav[e] a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) deliver[] a copy of each to an agent authorized by appointment or by law to receive service of process," id. 4(e)(2). "The Massachusetts rules for service are substantially

4

similar to the other three options under the federal rules." Mukherjee v. Blake, No. 12-cv-11381-FDS, 2013 WL 2299521, at *2 (D. Mass. May 24, 2013).

For a "United States officer or employee sued in an individual capacity," a plaintiff "must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3). "To serve the United States," the plaintiff "must" serve both "the United States Attorney for the district where the action is brought," id. 4(i)(1)(A), and "the Attorney General of the United States at Washington, D.C.," id. 4(i)(1)(B). See Fishman v. Trump, No. 19-cv-11734-JDL, 2020 WL 4431769, at *2 (D. Mass. July 31, 2020). To serve an officer or employee who is a competent adult residing in the United States, a plaintiff must comply with Rule 4(e). Id. 4(i)(3).

  1.  *Service as to Clifford*

Mouradian's attempted service to Clifford failed to satisfy any of the methods provided under Rule 4(e). Mouradian filed a return of service with this Court attaching a certification from the Suffolk County Sheriff's Department stating: "I hereby certify and return that on 2/10/2022 at 10:05 AM I served a true and attested copy of the Summons, Complaint and Exhibits in this action . . . by delivering in hand to Sean Ragen, agent and person in charge at the time of service for Jeffrey Clifford, at 695 Atlantic Avenue Safety Insurance Boston, MA 02111." D. 13 at 3; D. 17-9 at 3. As Clifford attests in his affidavit, however, he does not reside and has never resided at 695 Atlantic Avenue. D. 17-10 ¶ 2. Further, he has never appointed Sean Ragen or any other person as agent to accept service of process in this or any other lawsuit. Id. ¶ 5. Mouradian, therefore, failed to deliver service to Clifford "personally," at his "dwelling or usual place of abode with someone of suitable age and discretion who resides there" or "to an agent authorized by appointment or by law to receive service of process." See Fed. R. Civ. P. 4(e)(2). Accordingly, Mouradian failed to satisfy the requirements for service of process as to Clifford, so the Court

lacks jurisdiction over him in this case.

        2.     *Service as to Federal Defendants*

Mouradian also failed to effect proper service of process as to Federal Defendants. Federal Defendants constitute "United States officer[s] or employee[s] sued in an individual capacity," so Mouradian needed to satisfy the requirements of Rule 4(i). See Fed. R. Civ. P. 4(i). Although Mouradian's return of service as to Federal Defendants indicates that he served the United States Attorney of this District in satisfaction of Rule 4(i)(1)(A), such return does not state that Mouradian also served the Attorney General of the United States as required by Rule 4(i)(1)(B). See D. 11 at 3; Fed. R. Civ. P. 4(i)(1)(A)–(B). Because Mouradian failed to comply with such requirement, the Court lacks jurisdiction over Federal Defendants here. See Fishman, 2020 WL 4431769, at *5 (dismissing *pro se* complaint for lack of personal jurisdiction based upon plaintiff's failure to satisfy service requirements as to federal defendants).

    **B.**    **Failure to State a Claim**

Defendants each argue that Mouradian has failed to allege any act or omission by them to suggest plausible entitlement to relief. See D. 8 at 4; D. 17 at 5; D. 23 at 4–6. Because the complaint lacks specific factual allegations regarding BSL, Clifford or Federal Defendants and includes only conclusory legal allegations, it fails "plausibly [to] narrate a claim for relief" as to any Defendant. See Schatz, 669 F.3d at 55; see generally D. 1. In the interest of completeness and considering Mouradian's *pro se* status, however, the Court further addresses Mouradian's claims below.

        1.     *Due Process, Equal Protection and Obstruction of Justice Allegations*

Mouradian alleges that Defendants "violated [his] rights of due process and equal protection, obstructed [j]ustice and violated their oath of office to protect and defend the U.S.

6

Constitution." D. 1 at 7.  As BSL and Clifford argue, D. 8 at 7; D. 17 at 8, neither Defendant could have violated Mouradian's right to due process or equal protection under law, nor could they have taken or violated any constitutional oath:  both are private actors, and Mouradian does not allege facts to support that any of BSL or Clifford's conduct "may be 'fairly attributable to the State.'"  See Ponce v. Basketball Fed'n of Commonwealth of P.R., 760 F.2d 375, 377 (1st Cir. 1985) (internal citation omitted).  Mouradian, moreover, fails to allege specific facts to support any plausible claim that Federal Defendants violated Mouradian's constitutional rights or any constitutional oath.  See generally D. 1; see also D. 23 at 5–6.  Further, the complaint lacks any facts to support a claim that any Defendant otherwise obstructed justice.  See generally D. 1; see also United States v. LaRouche Campaign, 695 F. Supp. 1265, 1270 (D. Mass. 1988) (explaining elements of the criminal offense of obstruction of justice); Commonwealth v. Triplett, 426 Mass. 26, 30 (1997) (addressing crime of common law obstruction of justice); McNeil v. Bristol County Probate, No. 16-cv-11712-FDS, 2017 WL 275601, at *2 (D. Mass. Jan. 20, 2017) (noting that a "private citizen has no authority to initiate a federal criminal proceeding" and dismissing claim for obstruction of justice); Garay v. U.S. Bancorp, 303 F. Supp. 2d 299, 303 (E.D.N.Y. 2004) (noting that "[b]ecause obstruction of justice claim is a criminal matter, there is no civil right of action").

      2.     *Civil Conspiracy Allegations*

Mouradian also alleges that Defendants "colluded and conspired to steal [his] auto insurance money," specifically the $16,107.80 mailed by Safety to Medicare.  D. 1 at 6.  Massachusetts law recognizes two types of civil conspiracy.  Under the first, the plaintiff must allege that the "defendants, acting in unison, had some peculiar power of coercion over plaintiff that they would not have had if they had been acting independently."  Thomas v. Harrington, 909 F.3d 483, 490 n.8 (1st Cir. 2018)  (quoting Aetna Cas. Sur. Co. v. P&B Autobody, 43 F.3d 1546,

1563 (1st Cir. 1994) (internal quotation marks and citation omitted)).  Under the second, "liability is imposed on one individual for the tort of another."  Id. at 490 (quoting Kurker v. Hill, 44 Mass. App. Ct. 184, 188 (1998)).  "For liability to attach on this basis, there must be, first, a common design or an agreement, although not necessarily express, between two or more persons to do a wrongful act and, second, proof of some tortious act in furtherance of the agreement."  Aetna Cas. Sur. Co., 43 F.3d at 1564.

Mouradian fails adequately to allege civil conspiracy as to any of Defendants.  As to the coercion theory, the complaint does not allege that any of Defendants exercised a "peculiar power of coercion" over Mouradian.  See Thomas, 909 F.3d at 490 n.8; see generally D. 1.  As to the concerted action theory, the complaint similarly lacks specific factual allegations to support such claim of conspiracy.  See generally id.

Accordingly, Mouradian's conspiracy claim fails.

### 3. Duty of Care

To the extent Mouradian intended to allege that BSL breached some duty of care owed to him, BSL contends that, in representing Safety in its response to Mouradian's claims against it, BSL could not have violated any duty owed to Mouradian.  D. 8 at 7–8.  Indeed, BSL owed no duty to Mouradian.  Under Massachusetts law, any duty of an attorney to a non-client must be based upon "foreseeable reliance"—that is, an attorney may owe a duty to a non-client if the attorney knows the non-client will rely upon the services rendered, but only if the duty does not conflict with the duty the attorney owes to his client.  One Nat. Bank v. Antonellis, 80 F.3d 606, 609 (1st Cir. 1996).  Here, Mouradian has alleged no facts to support any foreseeable reliance upon the services rendered by BSL, counsel for Safety, which issued the check to Medicare that Mouradian contests.  D. 1 at 6.  Accordingly, BSL could not have owed any duty of care to

Mouradian and so could not have breached any such duty.[3]

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS BSL's motion to dismiss, D. 7, ALLOWS Clifford's motion dismiss, D. 16, and ALLOWS Federal Defendants' motion dismiss, D. 22.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[3] Given the ruling on the grounds stated above, the Court need not reach Defendants' *res judicata* arguments. See D. 8 at 6–7; D. 17 at 7–8; D. 23 at 6–7. To the extent Mouradian at the motion hearing, D. 26, was focused on the Court addressing the constitutionality of the Medicare Act, as opposed to Defendants' arguments for dismissal, the Court need not reach that issue because Mouradian otherwise has failed to state a claim upon which relief can be granted as to each of Defendants and also failed to serve some of them, all as discussed above.